BO11
#4
No Related
Pd.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCK FERRONE and MARCIA FERRONE, his wife, | CIVIL DIVISION |
| Plaintiffs, | Civil Case No. 2:25-cv-1997 |
| v. | |
| FOX CHAPEL AREA SCHOOL DISTRICT | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)** |
| and | JURY TRIAL DEMANDED |
| DICKIE, MCCAMEY & CHILCOTE, P.C. | |
| and | |
| JOSEPH L. LUVARA, ESQ. | |
| Defendants. | |

**Plaintiffs (Pro Se):**
Rock and Marcia Ferrone
28 Lakeview Lane
Cheswick, PA 15024
Phone: (412) 977-9342

**Counsel for Defendant Fox Chapel Area School District:**
Joseph L. Luvara, Esquire
PA I.D. #46438
Linda Varrenti Hernandez, Esquire
PA I.D. #88863
Dickie, McCamey & Chilcote, P.C.
Firm #067
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
412-281-7272

**Date Complaint Served:**
December 16, 2025

**FILED**

DEC 22 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCK FERRONE and MARCIA FERRONE, his wife, | CIVIL DIVISION |
| Plaintiffs, | Civil Case No. _____ |
| v. | |
| FOX CHAPEL AREA SCHOOL DISTRICT | |
| and | |
| DICKIE, MCCAMEY & CHILCOTE, P.C. | |
| and | |
| JOSEPH L. LUVARA, ESQ. | |
| Defendants. | |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICES**
**ALLEGHENY COUNTY BAR ASSOCIATION**
**920 CITY-COUNTY BUILDING**
**PITTSBURGH, PA 15219**
**PHONE: 412-261-0518**

**PLAINTIFFS' COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983)**

AND NOW COMES the Plaintiffs, Rock Ferrone, and Marcia Ferrone, and files this Complaint For Violation of Civil Rights (42 U.S.C.§ 1983), and in support thereof states as follows:

**PARTIES**

1. Plaintiffs Rock Ferrone and Marcia Ferrone are adult citizens residing at 28 Lakeview Lane, Cheswick, PA 15024.

2. Defendant Fox Chapel Area School District ("FCASD") is a public school district operating under Pennsylvania law.

3. Defendant Dickie, McCamey & Chilcote, P.C. ("DMC") is a private law firm that, acting jointly with FCASD, directed unconstitutional restrictions on Plaintiffs' speech.

4. Defendant Joseph L. Luvara, Esq. is an attorney with DMC who acted under color of state law by directing FCASD to ban Plaintiffs from public comment at School Board meetings.

**JURISDICTION AND VENUE**

5. This action arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and

1343.

6. Supplemental jurisdiction exists under the Pennsylvania Sunshine Act claim under 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391 because all Defendants reside here and the events occurred here.

## BACKGROUND

Plaintiffs have filed a motion to disqualify DMC in the related state court litigation pending in Allegheny County, (GD-22002703 before the Honorable Judge Patrick Connelly), based on conflicts of interest, including DMC attorneys' personal knowledge of key facts and prior relationships with individuals involved in the events forming the basis of the litigation.

This motion remains pending before the Court of Common Pleas.

Plaintiffs have alleged that DMC's representation violates Pennsylvania Rules of Professional Conduct 1.7 and 1.9, asserting that DMC attorneys, including Attorney Dennis Watson, have direct and material involvement in the underlying factual matters.

Immediately following the filing and advancement of Plaintiffs' motion to disqualify, Defendant Luvara issued the December 5, 2025 directive instructing FCASD to prohibit Plaintiffs from speaking at any school board meeting.

The timing strongly indicates retaliatory motive linked to Plaintiffs challenging DMC's ethical status. DMC, therefore, acted not simply as counsel for FCASD, but as a private actor using governmental authority to protect its own interests.

Under Dennis v. Sparks, 449 U.S. 24 (1980), this constitutes action under color of state law.

## FACTUAL ALLEGATIONS

8. Plaintiffs are taxpayers and residents of the Fox Chapel Area School District.

9. Plaintiffs attended a School Board meeting and spoke during the public comment period.

10. Plaintiffs were then silenced by a December 5, 2025 directive, (Exhibit A e-mail chain), barring them from public comment at School Board Meetings. Defendant Luvara's December 5, 2025 written directive to Plaintiffs states:

> *"I have directed the District not to put you on the Agenda for the upcoming or any other Board meeting concerning the pending litigation. I have also directed the District not to allow you or your wife to make any public comment at a Board meeting about the pending litigation."*

11. Defendant Luvara further asserted that Plaintiffs, as pro se litigants, could not address their own government as private citizens.

12. On December 9, 2025, four days after issuing the December 5 gag order, Attorney Luvara sent Plaintiffs a follow-up letter attempting to "clarify" his position. (Exhibit B) He admitted the December 5 directive had been written "in haste," thereby confirming that the December 5 prohibition on Plaintiffs' public comment had, in fact, been issued and transmitted to the District. Although Defendant Luvara now stated that Plaintiffs "can certainly speak at a Board meeting," the letter immediately restricted and conditioned that speech, asserting that Plaintiffs may not "negotiate directly with the Board" and warning that any attempt to raise issues relating to the litigation could be treated as improper ex parte "negotiation." Defendant Luvara further claimed that Plaintiffs' public remarks would

violate "litigation procedure" if not filtered through DMC as FCASD's appointed counsel.

13. Defendant Luvara's December 9 letter did not rescind the unconstitutional prior restraint; it instead replaced the blanket ban with a content- and viewpoint-based limitation, under which Plaintiffs' speech would be censored or prevented if Defendant Luvara deemed it to constitute "negotiation." This invented restriction has no basis in the Sunshine Act, public meeting law, or the First Amendment.

14. Public comment at a school board meeting is a protected expressive activity, not a negotiation session, and citizens are not required to channel their comments through government counsel. Defendant Luvara's attempt to redefine Plaintiffs' speech as prohibited "negotiation" demonstrates an ongoing intent to chill Plaintiffs' protected participation.

15. The December 9 letter, far from curing the constitutional defects created by the December 5 gag order, reinforces that Defendants continued to interfere with Plaintiffs' free speech rights, continued to misstate the law, and continued to direct the District on how to suppress or limit Plaintiffs' public expression.

16. The shift from an explicit speech ban (December 5) to a conditional, attorney-controlled speech regime (December 9) illustrates Defendants' retaliatory motive, their hostility to Plaintiffs' viewpoints, and their ongoing plan to silence or constrain Plaintiffs at public meetings.

17. FCASD adopted and enforced this directive, preventing Plaintiffs from engaging in public comment at School Board meetings.

18. Public comment periods at School Board meetings are designated limited public forums subject to First Amendment protections.

19. Defendants imposed a blanket prior restraint prohibiting Plaintiffs from

speaking, based solely on their viewpoint and their involvement in litigation.

20. Defendants' actions constitute retaliation for Plaintiffs' exercise of protected First Amendment rights.

### COUNT I — FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

21. Plaintiffs engaged in protected speech and petition activity, including public comment and litigation.

22. Defendants banned Plaintiffs from speaking as retaliation for exercising these rights.

23. Defendants' actions would deter a person of ordinary firmness from engaging in protected conduct.

24. Plaintiffs suffered harm, including violation of constitutional rights.

25. Defendants' December 9 letter, while purporting to "clarify" their position, continued the retaliatory campaign by conditioning Plaintiffs' ability to speak on approval from litigation counsel and by mischaracterizing Plaintiffs' speech as improper negotiation. This further chilled Plaintiffs' willingness to speak and demonstrated that the retaliatory intent behind the December 5 directive remained ongoing.

## COUNT II — PRIOR RESTRAINT ON SPEECH (42 U.S.C. § 1983)

26. Defendants imposed a blanket prohibition on Plaintiffs' speech at public meetings. This constitutes an unlawful prior restraint lacking any narrowly tailored justification.

27. Defendants' December 9 letter continued the prior restraint by asserting discretionary authority to determine whether Plaintiffs' public comments would be allowed based on their content and perceived purpose. Conditioning speech on the approval of government counsel constitutes an impermissible prior restraint.

## COUNT III — VIEWPOINT DISCRIMINATION (42 U.S.C. § 1983)

28. Defendants prohibited Plaintiffs from speaking because of their viewpoint and subject matter. Such discrimination in a limited public forum is unconstitutional.

29. Defendant Luvara's December 9 letter singled out Plaintiffs' viewpoint on litigation-related issues and sought to suppress or limit only Plaintiffs' comments, while permitting others to speak freely. This selective restriction is unconstitutional viewpoint discrimination.

## COUNT IV — RIGHT TO PETITION THE GOVERNMENT

## (42 U.S.C. § 1983)

30. Defendants infringed Plaintiffs' First Amendment right to petition their government for redress of grievances.

## COUNT V — CONSPIRACY UNDER COLOR OF STATE LAW

### (42 U.S.C. § 1983)

31. The conflict-of-interest dispute and pending disqualification motion provide motive for DMC and Luvara to retaliate against Plaintiffs.

32. Defendants' coordinated conduct — including directing FCASD to silence Plaintiffs — constitutes joint action under 42 U.S.C. § 1983. Temporal proximity, as cited in Thomas v. Independence Twp., supports causal connection. FCASD, DMC, and Luvara acted in concert to deprive Plaintiffs of First Amendment rights.

## COUNT VI — VIOLATION OF PENNSYLVANIA SUNSHINE ACT

### 65 Pa.C.S. § 710.1 et seq. (SUPPLEMENTAL STATE CLAIM)

33. Defendants' prohibition violated 65 Pa.C.S. § 710.1 et seq. which guarantees the right of public comment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

a. Declaratory relief that the December 5th and December 9th letters were unconstitutional and that Defendants violated Plaintiffs' constitutional rights;

b. A preliminary and permanent injunction restoring full public comment rights.

c. A prohibition on conditioning speech on attorney presence or labeling speech "negotiation".

   d. Nominal, compensatory and punitive damages in excess of $75,000.00;

   e. Costs and any other appropriate relief.

   f. An award of punitive damages against Attorney Luvara and Dickie, McCamey & Chilcote, P.C., to punish their willful, malicious, and reckless disregard of Plaintiffs' rights, and to deter such conduct in the future. Plaintiffs acknowledge that punitive damages are not available against the School District itself under §1983, but are appropriate against the non-municipal actors involved in the egregious constitutional violations.

   g. Trial by jury.

   h. Any additional relief deemed just.

Respectfully submitted,

By: _____
Rock Ferrone

28 Lakeview Lane
Cheswick, PA 15024
Phone: (412) 977-9342

By: _____
Marcia Ferrone

28 Lakeview Lane
Cheswick, PA 15024
Phone: (412) 977-9342

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the within **PLAINTIFFS' COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)** has been served upon all parties by electronic mail this 16th day of December, 2025 addressed as follows:

Defendant Fox Chapel Area School District
FCASD Board Secretary
boardsecretary@fcasd.edu

Joseph L. Luvara, Esquire
PA I.D. #46438
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
412-281-7272
jluvara@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
Firm #067
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
412-281-7272

PRO SE PLAINTIFFS,

_____
Rock Ferrone

_____
Marcia Ferrone